Mr. Justice Clayton
delivered the opinion of the court.
This was a bill filed in the vice-chancery court at Monticello. The complainants are the children and legatees of Thomas W. Burge, deceased, who died in 1834, leaving a will, appointing Neylans and his wife Delilah Burge, his executor and executrix, and devising and bequeathing his estate to the complainants. *203 They caused probate of the will to be made, and entered upon the discharge of their duties.
The bill states, that in 1836, the said Delilah intermarried with Andress S. Eldridge, who thereafter took an active part in the administration of the estate. In January, 1837, Neylans filed an account of his acts as executor, which the court received and ordered to be recorded as a final settlement, and discharged him from his office of executor. From that time he took no farther part in it, and said Delilah and her husband, Eldridge, acted until May, 1838, when he died, and she also died in June, 1838. Eldridge had also become the guardian of the infants. After his death the defendant, Turner, became their guardian, and in June, 1838, he also became administrator de bonis non of Thomas W. Burge, and administrator of said Delilah. The defendant, Neylans, became the administrator of A. S. Eldridge. That neither the said Delilah, nor the said Eldridge, ever returned any account of their administration to the probate court, nor any inventory, nor did they ever give bond and surety. ' The bill also charges a fraudulent sale of the personal and real estate, and that, at one of the sales, Eldridge fraudulently purchased nearly all the property offered, at a nominal price. The same charge is made as to the realty, but as it was afterwards sold by him, they seek only to charge him with the real value. It also charges, that the stock of goods on hand at the death of Burge, was fraudulently sold at private sale.
It farther charges, that after Turner had become administrator de bonis non of the estate of Burge, and Neylans had become administrator of Eldridge, they met and had a private settlement between themselves of the administration of Eldridge upon the estate of Burge. It is farther charged, that the reports, accounts, settlements, and decrees of the probate court, are ex parte without citation, or notice, and consequently void.
The bill prays, that Neylans be made a party, that Turner be made a party as guardian, and as administrator de bonis non of Burge, and of said Delilah, and that Neylans be made a party as administrator of A. S. Eldridge, deceased. It prays for an *204 account of all the estate of Burge, and of all payments made for it; that the pretended settlements may be corrected and surcharged; and that upon the general settlement, the defendants may be decreed respectively to pay what is due from them, and for general relief.
A demurrer was filed to the bill; first, because the court had no jurisdiction; and second, because of multifariousness.
From this abstract of the bill, it is very obvious, that a large part of its objects lie beyond the jurisdiction of the court of chancery. It is not clothed with power to settle the accounts of guardians, or executors; that pertains to the probate court. If, as is alleged, there were fraud in the previous settlements, equity would have power to set them aside, and to direct a new settlement in the probate court. But at that point its power ceases ; the new settlement must be had before the tribunal, which, under the constitution, has peculiar and exclusive cognizance of such matters. Green v. Creighton, 10 S. & M. 163.
The bill in this case is very inartificially drawn, so much so, as to leave it doubtful, whether there is any part of it which discloses matter within the jurisdiction of chancery. The allegations of fraud are not explicit, though facts are stated, which, if they exist in the settlements, amount to fraud. But if, for want of notice, the settlements are void, the probate court would have power to set them aside, upon petition for that purpose. Neal v. Wellons, 12 S. & M. 650.
The charge here, however, is of fraudulent acts, as well as of a failure to give notice. Of cases thus complicated, equity can entertain jurisdiction, to prevent a failure of justice. The demurrer admits the charges of fraud, and it is the settled doctrine, that such charges must be met by answer. The admission of the fraud gives the court jurisdiction. We think, therefore, that the demurrer was correctly overruled, and that the defendants should be respectively required to answer the allegations of fraud, in regard to the settlement of the accounts, and as to any fraudulent purchases made by or for them at the sales. Grant v. Lloyd, 12 S. & M. 191. If the settlements should be set aside, the court of chancery cannot retain the bill *205 to make others, but must leave the parties to their remedy, in the court of probates; the obstacles to their proceeding in the latter court having been removed by the decree of the former.
It is difficult if not impossible, in the present attitude of the case, for this court to determine the extent of relief, which can be afforded by the court of chancery. It will depend so much upon the answers and the proof, that it is far more proper to wait until a final decree shall have been rendered in the court below. But we have endeavored to define the limits of the jurisdiction of chancery as clearly as possible, so that they may perceive the objects to which their attention in the future progress of the cause should be directed.
As to the second ground of demurrer, multifariousness, it is not easy, from the very imperfect structure of the bill, to say whether the objection is applicable. It is difficult, under any circumstances, to lay down a general rule on the subject. Story, Eq. Pl. 406. Multiplicity of suits is an evil quite as much to be avoided, as multifariousness in a single suit. To escape one evil, we may imperceptibly run into the other. When the excrescences of the bill are lopped off, it may become unobjectionable.
Upon the whole, the decree overruling the demurrer will be affirmed, and the cause remanded, for farther proceedings. But in its future progress, the parties must confine the litigation to the points over which chancery has jurisdiction, as herein indicated.
Decree affirmed.